**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3509
_____

UNITED STATES OF AMERICA

v.

ADAMMYCHAL S. FLETCHER,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-08-cr-00745-003)
District Judge: Hon. Cynthia M. Rufe

_____

Submitted under Third Circuit LAR 34.1(a)
September 10, 2012

Before: SMITH, CHAGARES and ALDISERT, Circuit Judges.

(Filed: October 2, 2012)
_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Adammychal S. Fletcher appeals a judgment of the United States District Court

for the Eastern District of Pennsylvania, sentencing him to 121 months' imprisonment for

his role in a drug-dealing conspiracy. Fletcher presents two contentions—that the District

1

Court inappropriately attributed to him the entire amount of cocaine base ("crack") distributed throughout the conspiracy and imposed a substantively unreasonable sentence. We conclude that the District Court appropriately attributed the entire amount of crack to Fletcher, and that the sentence itself is not substantively unreasonable. We will therefore affirm the judgment of the sentence.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

A.

On July 30, 2008, police officers were conducting surveillance on an apartment in Allentown, Pennsylvania based on suspicion of drug-dealing activities. They observed Fletcher leaving the apartment twice to go to a location to make hand-to-hand transactions, which, by expert witness testimony, were determined to be drug sales. Thereafter, Fletcher and two men left the apartment and drove away in an automobile. The police officers stopped the automobile and found drugs in each man's possession, including 1.4 grams of cocaine in Fletcher's possession. Fletcher also had a key to the apartment under surveillance. The police subsequently searched the automobile and the surveilled apartment and found more drugs, firearms and cash, and other materials generally associated with drug trafficking.

B.

On December 16, 2008, a grand jury indicted Fletcher for conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One), possession of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm in furtherance of a drug trafficking offense in

2

violation of 18 U.S.C. § 924(c) (Count Three).

At Fletcher's trial, Thomas Chrin—one of the men arrested with Fletcher—described the drug distribution operation.[1] He testified that Fletcher was part of a three-month drug distribution operation, during which participants purchased powder cocaine, prepared crack using the powder cocaine, and sold approximately 78 to 98 grams of crack each week. He testified that most of the distributed crack was prepared in the apartment to which Fletcher had a key, and that participants used firearms in conjunction with the drug distribution operation, and also described Fletcher's daily interactions with the co-conspirators and Fletcher's role in various aspects of the conspiracy, including drug sales and deliveries.

Following Chrin's testimony, Fletcher entered an open guilty plea to all three counts.

C.

During Fletcher's sentencing hearing, the District Court relied on Chrin's testimony and found that a total of 936 grams of crack were distributed during the three-month conspiracy.[2] The Court rejected Fletcher's contention that his role in the conspiracy was minor, and attributed all 936 grams of crack to Fletcher. The Court calculated an offense level of 32 under the Sentencing Guidelines, reflecting a two-point reduction from 34 because of Fletcher's acceptance of responsibility. The corresponding advisory Guidelines range was determined to be 181 to 211 months, including a mandatory consecutive term of 60 months' imprisonment for Fletcher's firearm

---

[1] Thomas Chrin pled guilty prior to the commencement of the trial pursuant to a cooperation plea agreement.

[2] The District Court accepted the estimated calculation that participants in the conspiracy sold 78 grams of crack per week, totaling 936 grams over the three-month period.

conviction. After considering the relevant 18 U.S.C. § 3553 factors, the Court applied a downward variance of 60 months to reach the sentence of 121 months' imprisonment. Fletcher timely appeals.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

"[W]e exercise plenary review over legal questions about the meaning of the sentencing guidelines, but apply the deferential clearly erroneous standard to factual determinations underlying their application." United States v. Collado, 975 F.2d 985, 990 (3d Cir. 1992) (citations and internal quotation marks omitted). Therefore, we conduct plenary review with regard to whether Fletcher's "base offense level may include amounts of drugs distributed by persons other than [Fletcher]," but review for clear error the factual findings underlying the District Court's legal conclusions. Id. We review the reasonableness of a sentence by applying the abuse of discretion standard, and will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided." United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010).

## III.

## A.

Fletcher argues that the District Court inappropriately attributed to him the total amount of drugs distributed throughout the conspiracy, contending that he had a limited role in the conspiracy, selling only seven grams of crack per week, and that no testimony indicated that Fletcher was aware of his co-conspirators' cocaine purchases. Combined with a lack of testimony that Fletcher shared in the profits made by his co-conspirators,

4

he argues that his limited involvement negates the attribution of all the cocaine in the conspiracy to Fletcher. We conclude that the Court correctly interpreted and applied the Guidelines by attributing to Fletcher all the drugs distributed during the conspiracy. We also conclude that the Court's factual findings underlying its application of the Guidelines were not clearly erroneous.

As this Court explained in Collado, the sentence for a defendant in a narcotics case depends heavily on the "quantity of drugs deemed 'relevant' to the offense," and this quantity provides the starting point for the base offense level under the Guidelines. 975 F.2d at 990 (citing U.S.S.G. § 1B1.3). In a case of "jointly undertaken criminal activity," relevant conduct under the Guidelines includes "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity . . . ." U.S.S.G. § 1B1.3(a)(1)(B). Such acts must also have been within the scope of the defendant's agreement with his co-conspirators, Collado, 975 F.2d at 995, and to determine the scope of the agreement "the court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others," U.S.S.G. § 1B1.3, Application Note 2.

Although a substantial participant in a conspiracy may be held accountable for the reasonably foreseeable acts of his co-conspirators, a defendant with more limited involvement ordinarily should not be held accountable for the same acts. Collado, 975 F.2d at 992. The sentencing court's responsibility is to conduct "a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy . . . to ensure that the defendant's sentence accurately reflects his or her role." Id. at 995. The court must determine by a preponderance of the evidence the quantity of drugs attributable to each defendant. Id.

5

We have reviewed the District Court's findings of fact and conclude that the attribution of 936 grams of crack to Fletcher is appropriate.[3] The Court considered Chrin's uncontroverted testimony, which was determined to be credible, regarding Fletcher's participation in the conspiracy and the quantity of drugs attributable to Fletcher and other members of the conspiracy. Indeed, Fletcher was a substantial participant in the conspiracy who had daily contact with the co-conspirators, distributed drugs and picked up drug money for them, and had access to the apartment where most of the drugs were prepared and firearms were stored. As a result, preparation and sales of crack cocaine by Fletcher's co-conspirators during Fletcher's intimate involvement in the conspiracy must be characterized as reasonably foreseeable by him. Moreover, the preparation and sales of crack by Fletcher's co-conspirators were clearly in furtherance of the drug distribution conspiracy, and Fletcher's sole source of drug supply came from within the conspiracy. In short, Fletcher was a key member of the conspiracy who, at minimum, implicitly agreed through his conduct to participate fully in the drug distribution enterprise. Thus, we conclude that the Court's attribution of the 936 grams of crack was appropriate.

B.

Fletcher next argues that the 121-month sentence is substantively unreasonable. Review of a sentence's reasonableness requires a two step process: first, we inquire into whether the district court committed significant procedural error, and second, we examine the substantive reasonableness of a procedurally sound sentence by determining "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)."[4] United States v. Merced, 603 F.3d at 214. We perform

---

[3] Fletcher does not challenge the quantity of drugs attributed to the conspiracy, only the application of the entire quantity to him.

[4] In determining the particular sentence to be imposed, a court is required to consider: (1)

6

a highly deferential substantive reasonableness inquiry, and we will affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided." Id.

Fletcher argues that the 121-month sentence is substantively unreasonable "in view of his limited role in the conspiracy, his drug dependence, mental health and work ethic[.]" Appellant Br. 25. We find no merit in this argument. On the contrary, the record reflects that the District Court gave meaningful consideration to the relevant § 3553(a) factors, and in fact applied a downward variance of 60 months. The Court carefully addressed and balanced the aggravating factors, which included the seriousness of participating in a conspiracy to sell drugs while using firearms for protection, against the mitigating factors, which among other things included Fletcher's youth, lack of prior criminal history, ability to maintain legitimate employment and strong family support. The Court also considered Fletcher's mental health and drug dependency. On the basis of its consideration of the relevant § 3553(a) factors, the Court decided to reduce Fletcher's sentence by nearly one-third, and the resulting sentence cannot be characterized as substantively unreasonable. Thus, we will affirm.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.

---

the nature of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed based on a variety of criteria; (3) available sentences; (4) the Guidelines and sentencing range; (5) pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution to any victims. 18 U.S.C. §3553(a)(1-7).